STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY
FILED
AUG 06 2025
In the office of the
Court Clerk MARILYN WILLIAMS

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

BROCE RANCH, INC., an Oklahoma Corporation,

Plaintiff,

v.

STEPHEN M. VANCE, as TRUSTEE OF THE STEPHEN M. VANCE 2017 TRUST DATED OCTOBER 9, 2017, and as TRUSTEE OF THE STEPHEN M. VANCE CHILDREN'S TRUST,

Defendant.

Case No. CV-2025-2069

**PETITION FOR APPRAISAL PURSUANT TO 18 O.S. § 1091**

Broce Ranch, Inc. ("Broce Ranch) is not filing this action with the intention of prosecuting it during the pendency of the appeal being pursued by the Defendant in Oklahoma Supreme Court Case No. 123157. Indeed, as counsel for Broce Ranch has previously represented to Judge Virgin in Cleveland County Case No. CJ-2019-348, which involves these same parties, Broce Ranch and its current shareholders stipulate that this matter can and should be stayed pending the outcome of that appeal. Defendant has requested that the merger between Broce Ranch and Broce Merger Co., Inc. effected on May 9, 2025, be declared void in Case No. CJ-2019-348 and in Case No. 123157. Both the District Court and the Oklahoma Supreme Court have denied those requests.

While Defendant has sent Broce Ranch notice of his intent to exercise his appraisal rights under 18 O.S. § 1091, Defendant continues to challenge the effectiveness of the merger in his appeal and seeks to have the merger rescinded or otherwise unwound. As part of this position Defendant has indicated his refusal to accept any of the funds that would otherwise be payable to him according to the merger, which is approximately $4.18 million. Defendant's position prevents Broce Ranch from being able to avail itself of the ability to cut off interest (if any) from accruing

EXHIBIT
2

on the merger payment by paying Defendant directly, as contemplated in 18 O.S. § 1091(H). Broce Ranch is accordingly filing this action as a defensive measure so that it may pay the merger price for Defendant's shares into Court and avoid the accrual of statutory interest on the $4.18 million during the pendency of the appeal and, if the merger remains in place, until this appraisal action is finally resolved. Again, the only steps that Broce Ranch intends to take are: (i) filing this Petition, (ii) filing a motion and obtaining an order from the Court that allows Broce Ranch to pay the merger funds into Court and stop any interest from accruing from commencement of this action, (iii) paying the funds into Court, and (iv) obtaining a stay of all action in this matter until the final resolution of Defendant's appeal in Oklahoma Supreme Court Case No. 123157.

## FACTUAL BACKGROUND

1. Broce Ranch was formed on March 8, 1993, and is a family-owned corporation organized under the Oklahoma General Corporation Act.

2. Broce Ranch has a total of 5,000 shares outstanding. Defendant, in his capacity as trustee of both trusts listed in the case caption, was previously an owner of 1,666.67 shares of Broce Ranch.

3. In 2019, in his capacity as a 33% shareholder, Defendant brought claims against his siblings and Broce Ranch in the District Court of Cleveland County Case No. CJ-2019-348, seeking to dissolve Broce Ranch and have its real property divided in-kind. In addition to his request to dissolve the corporation and divide up the Broce Ranch property, Defendant also sought to challenge the merger transaction from which this appraisal action arises (the "Merger").

4. After over six years of litigation and a three-day trial on the merits, the court rejected Defendant's claims for dissolution of Broce Ranch and division in-kind of the Broce Ranch property. The court further denied Defendant's challenge to the Merger and dissolved the

preliminary injunction preventing the shareholders of Broce Ranch from moving forward with a vote on the Merger.

5. Accordingly, the court entered its judgment on May 8, 2025, denying Defendant's claims for relief.

6. On May 9, 2025, pursuant to 18 O.S. § 1081 and following consent from the holders of a majority of the outstanding shares of capital stock of the corporation, Broce Ranch completed a cash-out merger with Broce Merger Co., Inc., which resulted in the cancellation of Defendant's interest in Broce Ranch. *See* Certificate of Merger, attached hereto as Exhibit 1.

7. As a result of the Merger, Defendant stands to receive approximately $4.18 million as compensation for his 33% ownership in Broce Ranch.

8. After Broce Ranch completed the Merger, Defendant made several attempts to invalidate the Merger in the District Court, including obtaining an *ex parte* TRO (which was later vacated by the District Court), filing a motion for stay pending appeal and to declare the Merger void and filing a motion to vacate the judgment. After the District Court rejected those attempts, Defendant immediately filed an emergency motion for stay pending appeal and/or to vacate judgment with the Oklahoma Supreme Court in Case No. 123157. The Oklahoma Supreme Court denied Defendant's motion on August 4, 2025.

9. During the time that Defendant was attempting to have the Merger declared void by the District Court, and within the time period required by 18 O.S. § 1091, Broce Ranch provided Defendant notice that he was entitled to an appraisal by the district court of the fair value of the shares of stock held in Broce Ranch if he perfected his appraisal rights in accordance with 18 O.S. § 1091(D). This notice was expressly conditioned on the District Court denying Defendant's

request for the Merger to be declared void, which the District Court did via Order filed on July 23, 2025.

10. Promptly after sending its conditional notice to Defendant, Broce Ranch stipulated that Defendant had asserted and perfected his appraisal rights. On June 5, 2025, after this stipulation had been made, Defendant sent an Appraisal Demand Notice confirming his assertion of his statutory appraisal rights and demanding a payment for fair value of Defendant's shares.

11. In recognition of Defendant's assertion and perfection of his appraisal rights under 18 O.S. § 1091(D) and in accordance with 18 O.S. § 1091(E), Broce Ranch is filing this action so that a determination of the value of Defendant's stock on the effective date of the Merger, May 9, 2025, will be ready to proceed once the appeal has concluded in Oklahoma Supreme Court Case No. 123157. Broce Ranch also intends to pay the amount stated as payable for Defendant's stock in the Merger, approximately $4.18 million, into the Court so as to stop the accrual of statutory interest. Again, however, Broce Ranch does not intend to prosecute this lawsuit during the pendency of the appeal being pursued by the Defendant in Oklahoma Supreme Court Case No. 123157.

## COUNT I – APPRAISAL

12. Broce Ranch adopts and incorporates by reference all of the statements and allegations contained in Paragraphs 1 through 11 of its Petition as if fully set forth herein and, in addition, states:

13. Broce Ranch merged with Broce Merger Co., Inc. on May 9, 2025.

14. Broce Ranch is the surviving entity of the Merger.

15. Pursuant to the Agreement and Plan of Merger, Defendant's shares in Broce Ranch were cancelled and converted automatically into the right to receive cash in the amount of $2,508.80 per share.

16. Pursuant to 18 O.S. § 1091, Broce Ranch notified Defendant of his right to an appraisal by the district court of the fair value of the shares of stock held in Broce Ranch if he perfected his appraisal rights in accordance with 18 O.S. § 1091(D).

17. By stipulation and by his letter dated June 5, 2025, Defendant has perfected his appraisal rights.

18. 18 O.S. § 1091(E) entitles Broce Ranch to file a petition in district court seeking a determination of the value of the stock of Broce Ranch as of the date of the Merger.

19. Accordingly, Broce Ranch seeks a determination from the Court that the valuation of Broce Ranch at $2,508.80 per share at the time of the Merger provides Defendant with fair value for his shares in Broce Ranch.

20. Broce Ranch also seeks an order from the Court permitting Broce Ranch to pay into Court the roughly $4.18 million it is offering to pay Defendant as compensation for his shares in order to stop interest from accruing from the filing of this action through its conclusion.

21. Broce Ranch further requests that all other activity in this action be stayed until the conclusion of Defendant's appeal in Oklahoma Supreme Court Case No. 123157.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Broce Ranch, Inc. prays that the Court:

A. Allow it to pay the merger funds into Court and stops any interest from accruing on such funds from commencement of this action;

B. Stay this action until the final resolution of Defendant's appeal in Oklahoma Supreme Court Case No. 123157;

C. Upon resolution of the appeal, and assuming the Merger is deemed valid on appeal, determine that the amount payable to Defendant as compensation for his shares in Broce Ranch under the terms of the Merger is fair value;

D. That Broce Ranch be awarded its costs and attorneys' fees; and

E. For such other and further relief as the Court deems to be just and appropriate in law or in equity under the facts and circumstances presented by this lawsuit.

Respectfully submitted,

Evan G. Vincent, OBA #22325
Harvey D. Ellis, OBA #2694
T. Dylan Hartsook, OBA #35129
CROWE & DUNLEVY, P.C.
Braniff Building
324 North Robinson Ave, Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
evan.vincent@crowedunlevy.com
harvey.ellis@crowedunlevy.com
dylan.hartsook@crowedunlevy.com

**ATTORNEYS FOR PLAINTIFF**