## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BROCE RANCH, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1008-R** |
| | ) | |
| **STEPHEN M. VANCE as TRUSTEE OF** | ) | |
| **THE STEPHEN M. VANCE 2017 Trust** | ) | |
| **Dated October 9, 2017, and AS TRUSTEE** | ) | |
| **OF THE STEPHEN M. VANCE** | ) | |
| **CHILDREN'S TRUST,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **STEPHEN M. VANCE as TRUSTEE OF** | ) | |
| **THE STEPHEN M. VANCE 2017 Trust** | ) | |
| **Dated October 9, 2017, and AS TRUSTEE** | ) | |
| **OF THE STEPHEN M. VANCE** | ) | |
| **CHILDREN'S TRUST,** | ) | |
| | ) | |
| **Counterclaim Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **BROCE RANCH, INC.,** | ) | |
| | ) | |
| **Counterclaim Defendant,** | ) | |
| | ) | |
| **TERI VANCE HUBBELING, and** | ) | |
| **ALAN BROCE,** | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |

## <u>ORDER</u>

This order resolves three motions currently pending before the Court: Broce

Ranch's Motion to Abstain and/or Stay Claims Adjudicated in Oklahoma State Court [Doc.

No. 6]; Broce Ranch's Motion to Pay Merger Funds Into Court and Stop Accrual of

Statutory Interest Pursuant to 18 O.S. § 1091 [Doc. No. 8]; and Stephen Vance's Motion to Vacate State Court Order and Assess Interest [Doc. No. 9].[1] The motions are fully briefed [Doc. Nos. 10, 11] and at issue.

## I. Background

This is an action for an appraisal to determine the value of stock held by a dissenting shareholder following a corporate merger. But that straightforward description belies the facts and procedural history underlying this case, which is an offshoot of a state court lawsuit concerning the attempted dissolution of a family-owned corporation that the parties have been litigating for six years (and counting).

Plaintiff Broce Ranch, Inc. is a corporation organized under the Oklahoma General Corporation Act. *See* Findings of Fact and Conclusions of Law, *Stephen Vance, et al. v. Teri Vance Hubbeling, et al.,* No. CJ-2019-348 (Cleveland County District Court May 8, 2025) [Doc. No. 6-1]. The primary asset of Broce Ranch is a nearly 800-acre ranch in Colorado that serves as a family gathering place for its shareholders – Teri Hubbeling, Alan Vance, and Defendant Stephen Vance – who are also siblings. *Id.*

In 2019, Mr. Vance filed a lawsuit in state court against Broce Ranch and his siblings seeking to dissolve the corporation and divide its assets, including the real

---

[1] Mr. Vance's filing violates Local Civil Rule 7.1(c) which states that "[a] response to a motion may not also include a motion or a cross-motion made by the responding party." In the interest of efficiency, the Court will not strike Mr. Vance's filing. However, future filings that do not comply with applicable procedural rules will be stricken without further notice.

property.[2] During the course of the litigation, Broce Ranch and its directors voted to pursue a cash-out merger transaction in which Mr. Vance's ownership interest in the corporation would be purchased and he would be forced out. Mr. Vance moved for a temporary injunction preventing the merger transaction from going forward, which the trial court granted, and which was affirmed on appeal.

Following a partial summary judgment ruling in favor of Broce Ranch, the case proceeded to trial on Mr. Vance's remaining claims, which included a claim for dissolution of Broce Ranch and distribution of its assets and a request to invalidate the approval by the directors/shareholders of Broce Ranch of the merger. Following a three-day bench trial in December 2024, the state court issued Findings of Fact and Conclusions of Law and entered Judgment in favor of Broce Ranch and against Mr. Vance. *See* Doc. No. 6-1. The state court denied Mr. Vance's claim for dissolution, concluded that his objection to the merger transaction was "meritless," and dissolved the temporary injunction restraining Broce Ranch and the siblings from pursuing the merger. *Id.* Mr. Vance filed an appeal, which is currently pending before the Oklahoma Supreme Court.

One day after the state court entered judgment, Broce Ranch completed the merger, which resulted in the cancellation of Mr. Vance's interest in Broce Ranch. Mr. Vance filed multiple motions in the trial court and the Oklahoma Supreme Court seeking to nullify the merger and stay the judgment pending appeal, but none were successful.

---

[2] The procedural background is largely undisputed. The Court takes judicial notice of the records filed in the state court action. *See Vance, et al. v. Hubbeling*, et al., No. CJ-2019-348 (Cleveland County District Court).

In the meantime, Broce Ranch provided Mr. Vance with notice, pursuant to Okla. Stat. tit. 18, § 1091, that as a shareholder dissenting from the merger, he was entitled to an appraisal by the court of the fair value of the shares of stock held in Broce Ranch. Broce Ranch stipulated that Mr. Vance had perfected his appraisal rights and Mr. Vance subsequently sent an Appraisal Demand Notice confirming his assertion of his statutory appraisal rights and demanding a payment for fair value of his share, conditioned on his failure to prevail in his appeal. Doc. No. 8 ¶¶ 9-10.

Broce Ranch then filed this appraisal action in state court. The Petition states that Broce Ranch "is not filing this action with the intention of prosecuting it during the pendency of the appeal" and that "this matter can and should be stayed pending the outcome of that appeal." *See* Doc. No. 1-2. The Petition further explains that Broce Ranch filed "this action as a defensive measure so that it may pay the merger price for [Mr. Vance's] shares into Court and avoid the accrual of statutory interest" pending the appeal. Broce Ranch then promptly submitted a motion in state court seeking permission to pay the merger funds into the court to stop the accrual of statutory interest. Without giving Mr. Vance an opportunity to respond, the state court issued an order granting the motion.[3] Mr. Vance then removed the appraisal action to this Court on the basis of diversity jurisdiction.

Following the removal, Mr. Vance filed an Answer, a Counterclaim against Broce

---

[3] Mr. Vance's motion to vacate the state court order regarding the payment of funds is denied as moot. Upon removal, the issue is governed by federal law, which requires leave of court and "notice to every other party" before depositing funds into the court. Fed. R. Civ. P. 67(a). Broce Ranch sought leave from this Court to deposit the funds and the parties have had an opportunity to fully brief the issue.

Ranch, and a Third Party Claim against his siblings for breach of fiduciary duty seeking to rescind the merger or, in the alternative, an appraisal of the fair value of his shares.

## II. Discussion

### A. Request to Pay Merger Funds into Court

Pursuant to Okla. Stat. tit. 18, § 1091, a shareholder of a corporation that opposes a merger, consolidation, or conversion is entitled to an appraisal by the district court of the fair value of his shares of stock and the amount of interest to be paid upon the amount. Okla. Stat. tit. 18, § 1091(H). Pertinent here, the statute also provides that

> At any time before the entry of judgment in the proceedings, the surviving, resulting, or converted entity may pay to each person entitled to appraisal an amount in cash, in which case interest shall accrue thereafter as provided herein only upon the sum of (1) the difference, if any, between the amount so paid and the fair value of the shares as determined by the court, and (2) interest theretofore accrued, unless paid at that time.

*Id*. Relying on this provision, Broce Ranch contends that it attempted to pay Mr. Vance approximately $4.18 million as compensation for his shares but Mr. Vance has refused to accept the payment. Broce Ranch therefore seeks leave, under Fed. R. Civ. P. 67, to deposit funds into the court registry to stop the accrual of pre-judgment interest. Mr. Vance counters that Broce Ranch cannot escape the payment of prejudgment interest by depositing money into the court registry and contends that Broce Ranch's offer of payment is conditional because Mr. Vance will be obligated to repay the funds if his appeal is successful.

The parties have not identified any case law precisely resembling the situation presented here, where a dissenting shareholder in an appraisal action refuses to accept

prepayment of his compensation because he is seeking the equitable remedy of recission of the merger (as opposed to merely damages) in a separate action. Further, there is little Oklahoma law interpreting or applying Oklahoma's appraisal statute, Okla. Stat. tit. 18, § 1091. However, "because the Oklahoma General Corporation Act is based on the Delaware Act, decisions of the Delaware Courts are very persuasive." *Woolf v. Universal Fid. Life Ins. Co.*, 849 P.2d 1093, 1095 (Okla. Civ. App. 1992).

The purpose of awarding pre-judgment interest to a dissenting shareholder in an appraisal case "is to fairly compensate the stockholders for their inability to use the money during the entire period in question." *Alabama By-Prods. Corp. v. Cede & Co. on Behalf of Shearson Lehman Bros.*, 657 A.2d 254, 267 (Del. 1995) (quotation omitted). Oklahoma's appraisal statute, like its Delaware counterpart, permits "a surviving corporation seeking to lessen the significant amount of interest that can otherwise accrue in an appraisal action" to "prepay petitioning stockholders an amount in cash." *In re Panera Bread Co.*, No. CV 2017-0593-MTZ, 2020 WL 506684, at *43–44 (Del. Ch. Jan. 31, 2020). "[T]here is no requirement or inference that the amount so paid by the surviving corporation is equal to, greater than, or less than the fair value of the shares to be appraised." *Id*. At least one commentator has concluded that, under this prepayment scheme, "[d]issenting stockholders are required to accept the payment, with no discretion to reject it." Charles K. Korsmo & Minor Myers, *Interest in Appraisal*, 42 J. Corp. L. 109, 136 (2016). Others have noted that the statute gives little direction as to what constitutes a prepayment and that while sending a check directly seems the more logical method, "set[ting] the money aside in an interest-bearing account pending the court's decision" may

6

also be a permissible option. R. Garrett Rice, *Give Me Back My Money: A Proposed Amendment to Delaware's Prepayment System in Statutory Appraisal Cases*, 73 Bus. Law. 1051, 1079 (2018).

The plain language of § 1091(H) provides the surviving corporation with a mechanism to limit its exposure to prejudgment interest by prepaying each person entitled to an appraisal an amount in cash. Broce Ranch has attempted to avail itself of this option by offering to tender payment to Mr. Vance. The statute does not provide Mr. Vance with the right to eliminate this option by rejecting the payment. Still, the Court is not unsympathetic to Mr. Vance's qualms about accepting a payment that, as even Broce Ranch concedes, he may have to return if his appeal to the Oklahoma Supreme Court is successful. While Mr. Vance is certainly entitled to exercise his right to seek appellate review of the state court's decisions, the Court does not believe his exercise of this right should occur at Broce Ranch's expense, particularly given that it has a statutory right to cut off prejudgment interest by tendering a prepayment, which it is ready and willing to do.

Accordingly, pursuant to Rule 67,[4] the Court finds that Broce Ranch should be permitted to deposit the funds into the court registry and that, upon making that deposit,

---

[4] Contrary to Mr. Vance's position, Federal Rule of Civil Procedure 67 is flexible enough to permit a deposit in these circumstances The Rule provides that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money ..., a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money ..., whether or not that party claims any of it." Fed.R.Civ.P. 67(a). This language "leaves to the discretion of the district court the decision as to whether to permit the deposit of funds in court." *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989). Although Rule 67 is perhaps most frequently used in an action for interpleader, courts have permitted a litigant to deposit funds to cut off interest on an award of damages while the opposing party considered whether it would challenge the validity of the award. *See Cajun Elec. Power*

interest shall accrue thereafter on the difference, if any, between the amount so paid and the fair value of the shares as set out in Okla. Stat. tit. 18, § 1091(H).

### B.  Motion to Assess Interest

Mr. Vance moves for an order finding that he is entitled to an award of statutory interest on the fair value of his shares at the rate provided in § 1091(H). The relevant provision states

> In determining the fair rate of interest, the court may consider all relevant factors. Unless the court in its discretion determines otherwise for good cause shown, and except as provided in this subsection, interest from the effective date of the merger, consolidation, or conversion through the date of payment of the judgment shall be compounded quarterly and shall accrue at five percent (5%) over the Federal Reserve discount rate including any surcharge, as established from time to time during the period between the effective date of the merger, consolidation, or conversion and the date of payment of judgment.

Putting aside the fact that Mr. Vance is requesting that the merger be rescinded altogether, the Court has not yet determined the fair value of the shares. Mr. Vance's request to determine the rate of interest is premature and this aspect of his motion is denied without prejudice to resubmission at the appropriate time.

### C.  Abstention

The final issue is Broce Ranch's request to abstain or stay the litigation of Mr. Vance's counterclaim/third-party claim for breach of fiduciary duty pursuant to the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S.

---

*Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990); *see also* § 2991 Payment into Court, 12 Fed. Prac. & Proc. Civ. § 2991 (3d ed.) ("Under some circumstances it may suffice to stop the running of interest.").

800 (1976). Mr. Vance failed to timely respond to this motion and it is therefore deemed confessed. *See* LCvR7.1(g).

Alternatively, Broce Ranch's arguments in favor of abstention are persuasive. "In exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings." *Northstar Mgmt., Inc. v. Vorel*, No. CIV-19-260-SLP, 2022 WL 20814864, at *2 (W.D. Okla. Dec. 7, 2022) (quoting *Colo. River,* 424 U.S. at 817). The core principle of the *Colorado River* doctrine is "the avoidance of duplicative litigation" and the preservation of judicial resources. *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc*., 705 F.3d 1223, 1233 (10th Cir. 2013). In considering whether to abstain under *Colorado River*, "[a] federal court must first determine whether the state and federal proceedings are parallel." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). If so, the court must then determine "whether 'exceptional circumstances' exist." *Id.*

As to the threshold question, "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (quotation omitted). Under this standard, "[p]roceedings may be parallel even if they 'are far from identical.'" *CNSP, Inc. v. City of Santa Fe*, 753 F. App'x 584, 589 (10th Cir. 2018) (quoting *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1233). Mr. Vance's counterclaim/third-party claim in the federal action is asserted against Broce Ranch and his two siblings, who were also parties to the state action. Mr. Vance contends that the counterclaim/third-party Defendants breached their fiduciary duties during the merger and seeks the equitable remedy of rescission. This claim involves "substantially the same" issues as those in the state court

action, where Mr. Vance sought declaratory and injunctive relief to prevent the merger from proceeding or, in the event the merger is completed, money damages. *See* Amended Petition [Doc. No. 6-7] ¶¶ 66-73. The state court adjudicated this claim, ruled against Mr. Vance, and this issue is now on appeal. *See* Doc. No. 6-1 at p. 53-59. After the merger was completed, Mr. Vance filed post-judgment motions seeking an injunction and confirmation that the merger was void, which were denied. Given the substantial overlap between the parties and issues involved in the counterclaim/third-party claim and the state court action, the proceedings are parallel.

As to whether exceptional circumstances are present, the Supreme Court has identified several factors that bear on the analysis. *See Fox*, 16 F.3d at 1082. The factors are not meant to be used as a "mechanical checklist" but should instead be carefully balanced "as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Here, several of the factors are neutral or inapplicable, but the most important factor – the avoidance of piecemeal litigation – weighs heavily in favor of abstention. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Northstar Mgmt., Inc. v. Vorel*, No. CIV-19-260-SLP, 2022 WL 20814864, at *3 (W.D. Okla. Dec. 7, 2022). This case involves claims that overlap and compete with the claims asserted in the state court action, which "counsels against letting them proceed simultaneously." *Meyer Nat. Foods, LLC v. C.R. Freeman*, No. CIV-12-1329-D, 2013 WL 5460823, at *5 (W.D. Okla. Sept. 30, 2013). Other pertinent factors also weigh in favor of abstention, including the sequence in which

the courts obtained jurisdiction, the lack of any federal claim, and the potential for the state court action to provide an effective remedy as to Mr. Vance's claims. Balancing the relevant factors, the Court finds that abstention as to Mr. Vance's counterclaim/third-party claim is appropriate. As neither party requests dismissal of the claim, the Court will stay any further proceedings on Mr. Vance's counterclaim/third-party claim.[5]

### III.    Conclusion

Broce Ranch's Motion to Abstain and/or Stay Claims Adjudicated in Oklahoma State Court [Doc. No. 6] is GRANTED. The proceedings concerning Mr. Vance's Counterclaim/Third Party Claim are stayed. The parties are directed to file a status update with the Court within ten days of any relevant ruling in the underlying state court action.

Broce Ranch's Motion to Pay Merger Funds Into Court and Stop Accrual of Statutory Interest Pursuant to 18 O.S. § 1091 [Doc. No. 8] is GRANTED. Pursuant to Fed. R. Civ. P. 67 and LCvR 67.1, the Court Clerk is ordered to accept $4,181,341.70 and to deposit the same into the Court Registry Investment System.

Stephen Vance's Motion to Vacate State Court Order and Assess Interest [Doc. No. 9] is DENIED as moot.

---

[5] Even if abstention under *Colorado River* were not appropriate, the Court would still exercise its inherent discretion to stay the proceedings pending a final decision on Mr. Vance's state court appeal. *See Northstar Mgmt., Inc. v. Vorel,* No. CIV-19-260-SLP, 2022 WL 20814864, at *5 (W.D. Okla. Dec. 7, 2022).

IT IS SO ORDERED this 4th day of November, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE